IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DONALD ELLIOTT CROMWELL, JR., | * | |
| Petitioner | * | |
| v | * | Civil Action No. RDB-15-1538 |
| | | Related Crim. Action No. RDB-08-401 |
| UNITED STATES | * | |
| Respondent | * | |

***

**MEMORANDUM**

The Court is in receipt of self-represented prisoner Donald Elliott Cromwell, Jr.,'s "Petition for Writ of Habeas Corpus Under Rule 60(b)(4) for Relief to Vacate or Dismiss" and Motion under "F.R.Civ. P. Rule 23(c) or (d) Modification Custody or Release of a Prisoner in a Habeas Corpus Proceeding." ECF 399. The Court deems the documents more properly construed under 28 U.S.C. § 2255 as a Motion to Vacate, Set Aside or Correct, and will grant Cromwell twenty-eight days to state whether he wants this matter to proceed as a § 2255 motion, withdraw the pleading, or have it ruled on as filed.

In his Motion, Cromwell states that the Court lacked jurisdiction over his criminal trial. ECF No. 399. Additionally he claims that his trial attorney was ineffective for failing to raise the jurisdictional issues and the prosecutor engaged in misconduct. *Id*. Cromwell is attacking the validity of his conviction and sentence, and the appropriate avenue to bring his challenge by way of a § 2255 motion.[1] *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (subject matter of a

---

[1] 28 U.S.C. § 2255 provides in relevant part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may recharacterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

In accordance with *Castro,* 540 U.S. at 381-82, Cromwell is notified of the Court's intent to construe his pleading as a Motion to Vacate under 28 U.S.C. § 2255. As a consequence of considering the pleading under § 2255, subsequent § 2255 petitions collaterally attacking the judgment or sentence will be subject to dismissal as a second or successive petition unless preauthorization filing is obtained from the Court of Appeals. *See id.* Cromwell will be granted twenty-eight days to inform the Court whether he wants to withdraw or amend the motion or proceed with it as filed. In the event Cromwell fails to timely state his intentions, the Court may treat his filing as a motion under 28 U.S.C § 2255. A § 2255 forms and information packet will be sent to Cromwell to assist him in supplementing his pleading should he intend to pursue his claims accordingly. Cromwell is instructed to write the above civil case number on all documents he files in this case.

For the reasons stated above, the Court intends to construe the motion pursuant to 28 U.S.C. § 2255. Cromwell will be granted twenty-eight days to inform the court whether he wants to withdraw or amend the pleading or proceed with it as filed. A separate Order follows.

June 30, 2015            ___/s/_____
Date                           RICHARD D. BENNETT
                                     UNITED STATES DISTRICT JUDGE