IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. RDB-08-401 |
| | | CIVIL ACTION NO. RDB-15-1538 |
| DONALD E. CROMWELL, | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

Before the Court is a "Petition for Writ of Habeas Corpus Under Rule 60(b)(4) for Relief or Vacate or Dismiss" and Motion under "F.R.Civ. P. Rule 23(c) or (d) Modification Custody or Release of a Prisoner in a Habeas Corpus Proceeding" filed by Defendant Donald E. Cromwell. ECF 399.[1] In accordance with *Castro v. United States*, 540 U.S. 375, 381 (2003), this Court granted Cromwell additional time to indicate whether he wanted this motion to proceed as filed, reviewed pursuant to 28 U.S.C. §2255, or withdrawn. ECF 401 & 402. Cromwell notified the Court of his intent for his Motion to proceed under Rule 60(b) and not under 28 U.S.C. §2255. ECF 404.[2] For the reasons that follow, the Motions for Relief from Judgment will be denied.

### Background

A federal grand jury returned a thirteen count superseding indictment charging Cromwell

---

[1] Also pending is Cromwell's Motion filed pursuant to Rule 60(b)(4) and Rule 60(d)(3). ECF 382.

Cromwell's Motion for Docket Entry (ECF 343) shall be denied as moot, as he was subsequently provided a copy of the Court's docket entries. ECF 405 & 409.

[2] Cromwell filed an "Amend[ed] Motion to Supplement Pleading" (ECF 404) wherein he stated his desire to voluntarily withdraw his Motion to Vacate filed pursuant to § 2255, and proceed with his filing under Rule 60(b)(4) or Rule 23. The Motion will be granted as to the withdrawal of the 2255.

Cromwell also filed a Motion to Relate Back to the Original Petition (ECF 407) wherein he raises additional legal arguments in support of his Motion under Rule 60(b). The Motion shall be granted, in that the Court has read and considered Cromwell's additional arguments.

1

and Co-Defendants with offenses arising from a series of armed robberies of commercial armored vehicles in the summer of 2008. ECF 47. Cromwell, represented by counsel, was arraigned, and entered a plea of not guilty on August 7, 2009. ECF 97.[3]

After a jury trial, Cromwell was convicted on all counts. ECF 185. Cromwell's, pro se post-trial motions for Judgment of Acquittal (ECF 193), as supplemented (ECF 237), Motion for Appropriate Relief Based on newly discovered evidence (ECF 238), and Motion for Rule 32(c)(1) violation of PSI (ECF 248), were denied by the Court on April 30, 2010. ECF 275.

On May 6, 2010, Cromwell was sentenced to a total term of imprisonment of 1,272 months. ECF 276. Thereafter, Cromwell noted a timely appeal, wherein he alleged, among other things, that the district court erred in refusing to require the presence of Special Agent Vorndran during the suppression hearing, depriving Cromwell of his right to confront the witness. ECF 278. Cromwell's judgment and convictions were affirmed on November 17, 2011. ECF 340.

On March 12, 2014, Cromwell filed a Motion to Vacate Under 28 U.S.C. §2255, which he voluntarily withdrew in favor of filing a Motion for Rule 60(b) relief. ECF 380-382 & 391. Subsequently, he filed the Motions now under consideration by the Court.

### Cromwell's Claims

Cromwell claims there were "structural errors" in his trial. ECF 382-1, p. 1. He states that there was "fraud upon the court" due to an unspecified failure to participate in discovery. ECF 382-1, p. 3. Additionally, Cromwell alleges there was prosecutorial misconduct and he was provided ineffective assistance of counsel, concerning the identification of Detective Debord and

---

[3] His pro se Motion to Dismiss Indictment Under Double Jeopardy, challenging the propriety of the first and second superseding indictments, (ECF 158) was denied by the Court on December 22, 2009. ECF 164.

whether or not "Debord"[4] was in Iraq. *Id.*, p. 5.

Cromwell also complains of pre-indictment delay, *id.*, p. 7, and argues that the prosecutor should not have been permitted to amend the indictment. *Id.*, p. 11, 13-14.

Cromwell further maintains that his Sixth Amendment right to confront witnesses against him was violated. *Id.*, p. 16. He states that he sought to confront key witnesses via cross-examination, including Detective Michael Debord, but was prohibited from doing so. *Id.*

Additionally, Cromwell states he was denied his right to effective assistance of counsel during pre-trial proceedings. *Id.*, p. 18, 20. He indicates that counsel failed to: challenge the delay in his trial, make confrontation clause challenges, object to the failure to arraign Cromwell on the original indictment, challenged falsified documents from Mercy Medical Center, to subpoena the nurse who drew Cromwell's blood, and to request video from the Mercy Medical Center. *Id.*, p. 20, 24-34.

In his second Motion filed Pursuant to Rule 60(b)(4), (ECF 399), Cromwell maintains that he is improperly detained as this Court lacked jurisdiction over him. In support of his claim, Cromwell states that he was required to be physically present in the Court when his indictment was amended. *Id.*, p. 2. He maintains that there was a constructive denial of his right to counsel in the amendment of his indictment. *Id.*, p. 3. Cromwell states that the questions presented in his motion are:

> 1. Whether petitioner's attorney failed to fully discover the court lacked jurisdiction for a lack of notice on the first original indictment 8/20/08 which made....him constitutionally ineffective?
>
> 2. Whether prosecutor acted vindictively by not giving notice for the first original indictment: 8/20/2008?

---

[4] Cromwell refers to the witness as Debord. The Fourth Circuit Court of Appeals decision indicates Vorndran was the name of the unavailable witness.

    3.    Whether the district court lacks subject matter jurisdiction to charge, convict, and sentence petitioner for all alleged crimes without the criminal indictment, which was procedurally barred?

    4.    Whether the district court was bound by federal rules and criminal procedures, to establish subject matter jurisdiction in which violated petitioner's 5th amendment rights to due process?

    5.    Whether procedural rules (10) and (43) established jurisdiction over subject matter, when it violated the elements of jurisdiction over subject matter?

    6.    Whether failure of the district court to establish subject matter jurisdiction, as threshold matter render the court's "judgment" [void]?

    7.    Whether the court's lack of subject matter jurisdiction can be disregarded as an unavoidable procedural tenacity?

    8.    Whether the rule that enables the lack of subject matter jurisdiction to be raised an any time, has exception to its application rule 60(b)(4)?

    9.    Whether the conviction of a non-existent crime results in a void judgment, not subject to waiver?

(sic) ECF 399, pp. 3-4

In his Motion to Relate Back, Cromwell argues that under F.R.Civ. P. 12(b)(2) the Court must dismiss any case when is apparent that the Court lacks subject matter jurisdiction. ECF 407, p. 2.

## Analysis

As previously noted by this Court, Cromwell is attacking the validity of his conviction and sentence, and as he has previously been advised, the appropriate avenue to bring his challenge is by way of a § 2255 motion.[5] *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998)

---

[5] 28 U.S.C. § 2255 provides in relevant part:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum

4

(subject matter of a motion, not the caption assigned to it by a self-represented petitioner determines status). Courts may re-characterize a motion filed by a self-represented litigant to create better correspondence between the subject of the motion and its underlying legal basis. *See Castro v. United States*, 540 U.S. 375, 381 (2003). Cromwell has, however, advised that he does not wish his claims analyzed under §2255[6] but rather seeks their review under Rule 60(b). ECF 404.

A party may seek relief from a final judgment or order under Fed.R.Civ. 60(b) by showing "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances."[7] In addition, at least one ground for relief listed in Rule 60(b)'s six subsections must be established: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence; 3) fraud, misrepresentation, or misconduct by an opposing party; 4) a void judgment; 5) satisfaction, release, or discharge; or 6) any other reason justifying relief. *Dowell v. State Farm Fire and Casualty Automobile Insurance*, 993 F.2d 45, 48 (4th Cir. 1993). Any Rule 60(b) motion must be made within a "reasonable time," and, for subsections (1) through (3), not more than a year after entry of a judgment or order. *See* Fed.R.Civ.P. 60(c).

The Federal Rules of Civil Procedure, however, do not provide a means for challenging criminal judgments. *See* Fed. R. Civ. P. 1 (stating "these rules govern the procedural in the United States district courts in all suits of a civil nature); *United States v. O'Keefe*, 169 F. 3d 281, 289 (5th Cir. 1999); *United States v. Mosavi*, 138 F. 3d 1365, 1366 (11th Cir. 1998). Rule

---

authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[6] Cromwell has not had a Motion to Vacate under § 2255 considered on the merits.

[7] *Hale v. Belton Associates Inc.*, 305 F. App'x 987, 988 (4th Cir.2009) (quoting *Dowell v. State Farm Fire & Casualty Automobile Insurance Company*, 993 F.2d 46, 48 (4th Cir. 1993)).

60(b)(6) is a civil rule and is therefore an inappropriate vehicle to challenge a criminal conviction or sentence. *See United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir.2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case."). Rule 60(b) is not a substitute for collateral review of criminal judgments. *See United States v. Winestock,* 340 F. 3d 200, 207 (4th Cir. 2003) (distinguishing a successive § 2255 "motion directly attacking the prisoner's conviction or sentence" from a Rule 60(b) motion).

Rule 60(b) provides an extraordinary remedy only granted in exceptional circumstances. *See e.g. Reid v. Angelone,* 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 118 n. 2 (4th Cir. 2000). Cromwell fails to present facts suggesting exceptional circumstance. The appropriate avenue for the relief Cromwell is seeking is by way of a Motion to Vacate filed pursuant to 28 U.S.C. § 2255. In this case, Cromwell has not advanced any grounds justifying relief under any of the subsections of Rule 60(b).[8]

For these reasons, the Court will deny the Motions. A separate Order follows.

_December 10, 2015_
Date

_/s/ Richard D. Bennett_
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

[8] A Rule 60(b) (1), (2), or (3) motion would be untimely filed in this case because motions under Rule 60 (b) (1), (2), or (3) must be filed no more than one year after entry of judgment. *See* Fed. R. Civ. P. 60(c) (1). Cromwell provides no grounds to find judgment void under Rule 60(b) (4) or otherwise apply Rule 60(b) (5). Under Rule 60(b)(6), the "catchall provision, " extraordinary circumstances must be demonstrated to justify relief. *See Aikens v. Ingram,* 652 F.3d 496, 500-501 (4th Cir. 2011). None is shown here. Cromwell shows no need for the extraordinary relief contemplated under Rule 60(b)(6) where other avenues such as direct appeal or collateral review might have or may provide the redress he seeks.